**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2114-18T1

TANYA L. KAUFFMAN,

     Plaintiff-Respondent,

v.

JALAL M. SHABAZZ,

     Defendant-Appellant.

_____

> Argued December 10, 2019 – Decided January 3, 2020
>
> Before Judges Accurso and Gilson.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-1428-12.
>
> Louis Gerard Guzzo argued the cause for appellant.
>
> Luretha M. Stribling argued the cause for respondent.

PER CURIAM

     Defendant Jalal Shabazz appeals from a post-judgment order enforcing a provision of the parties' marital settlement agreement in which they agreed to

be "equally responsible" for an American Express account having an approximate balance of $7400 at the time of their divorce in 2012. The December 14, 2018 order directed defendant to pay plaintiff Tanya Kauffman $10,123.36 for his fifty-percent share of the balance as of the time of the order and awarded her $3000 in attorney's fees.

Defendant contends the amount awarded exceeded what plaintiff requested in her notice of motion; the order was based on the court's mistaken belief that plaintiff filed an objection to the discharge of the debt in his Chapter 7 bankruptcy; that enforcement of the marital settlement agreement was barred by laches; and that the trial court did not have adequate information "to calculate that plaintiff/respondent actually paid $10,126.36." Our review of the record convinces us that none of those arguments, only the last of which he raised to the trial court, is of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following.

Although defendant contends the amount awarded exceeded what plaintiff "requested in her notice of motion," the notice of motion included in his appendix mentions no amount but asks only that defendant be compelled "to immediately make payments as required by the Property Settlement

Agreement attached to the Judgment of Divorce." We thus reject his first argument as baseless.

His second argument, that the trial court based its decision on the mistaken belief that plaintiff filed an objection to the discharge of this claim, is equally unavailing. Because 11 U.S.C. § 523(a)(15) provides that a Chapter 7 discharge under 11 U.S.C. § 727, does not discharge an individual debtor from any debt to a former spouse incurred in the course of a divorce or in connection with a separation agreement or divorce decree, whether the judge was mistaken as to whether plaintiff filed an objection to the discharge is of no moment. Defendant's obligation to pay half the American Express bill was not discharged in his Chapter 7 bankruptcy as a matter of law, with no action necessary by plaintiff to protect the claim.

The only argument defendant offers in support of his claim of laches is an old case in which the chancellor determined he could infer from the wife's failure to have pursued support arrearages for six years, making the application only after her ex-husband's death, that the two had "made some arrangement between themselves with respect to support." Duffy v. Duffy, 19 N.J. Misc. 332, 340 (Ch. 1941). Here, however, defendant claims no such arrangement, and the record reflects that plaintiff pursued defendant for contribution to the

American Express bill for some time before filing her motion to enforce the agreement. There is, accordingly, no support for defendant's third argument that enforcement of the marital settlement agreement is barred by laches.

Finally, we reject defendant's fourth argument that plaintiff "failed to provide any documentation evidencing that she actually paid any interest" for the period between entry of the divorce judgment in 2012 and the American Express statement from 2018, which the trial court rejected.

Defendant has included in his appendix a copy of a certification plaintiff submitted in support of her motion in which plaintiff averred that her "attorney provided all of the outstanding AMEX bills" in her pre-hearing exchange pursuant to the court's discovery order. That certification references several exhibits, none of which were attached to the document.

Plaintiff has included in her own appendix certain American Express statements defendant did not provide us. She further asserts in her brief that the court calculated the amount owed "by reviewing American Express bills which were noted in [plaintiff's] certification to be exhibits G, H, I, J, K, L, M, N, and O." Those exhibits are not included in defendant's appendix and he did not file a reply brief challenging the accuracy of plaintiff's representations regarding the state of the record before the trial court.

A-2114-18T1

Defendant's failure to supply us with all the documents on which the trial court relied to calculate his share of the American Express account, including interest and fees imposed after entry of the divorce judgment, leaves us unable to agree with his argument that those documents were inadequate to support the court's conclusion.  See Soc'y Hill Condo. Ass'n v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177 (App. Div. 2002); R. 2:6-1(a)(1)(I).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION